## ARMSTRONG et al. v. SKELLY OIL CO.
### No. 6406.

Circuit Court of Appeals, Fifth Circuit.
Feb. 18, 1932.

Rehearing Denied March 11, 1932.

Geo. W. Armstrong, of Fort Worth, Tex., for appellants.

W. P. Z. German and Alvin F. Molony, both of Tulsa, Okla., for appellees.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

FOSTER, Circuit Judge.

This is a suit for an accounting for royalties on gas produced from wells on what is known as the Armstrong tract, the same property considered in suit No. 6405, decided this day. 55 F.(2d) 1066. There was a decree dismissing the bill. It is unnecessary to discuss the errors assigned in detail.

The following facts appear without dispute from the record: The lease contains these clauses:

"In consideration of the premises the said lessee covenants and agrees:

"2nd. To pay the lessor a royalty of 1/8 the price received by lessee payable monthly, for the gas from each well where gas only is found, while the same is being used off the premises and lessor to have gas free of cost from any such well for all stoves and inside lights in the principal dwelling house on said land during the same time by making his own connections with the wells at his own risk and expense.

"3rd. To pay lessor for gas produced from any oil well and used off the premises a royalty of 1/8 of the market value for said gas as such for the time during which such gas shall be so used, said payments to be made for each three months.

"Lessee shall have the right to use, free of cost, gas, oil and water produced on said land for its operations thereon, except water from the wells of lessor."

There are ten wells on the tract. Nine produce oil and have gas in the upper strata. One well produces only gas. All the gas is used to increase the flow of oil from the nine oil wells by injecting it into the casing. As a result only wet gas is produced. Appellees erected a plant to extract gasoline from this gas. The plant also treats casing-head gas from other properties. Royalties have been paid on the market value of the gas, arrived at by the following method. The gas taken is measured by meters at the wells. Once every three months a sample of gas is taken at the well and its potential gasoline content ascertained. That figure is used for the next ensuing three months to determine the amount of gasoline in the gas treated. The actual amount of gasoline extracted per 1,000 cubic feet of gas is less than the potential amount shown by the field test. Settlement is made monthly at the average market price for the month. Returns are not made for the total amount of gas taken, but it is paid for on a percentage basis according to the gasoline content shown by the field test. For instance, if the field test shows approximately 3/4 of a gallon of gasoline per 1,000 cubic feet of gas, 20 per cent. is paid for. If it goes as high as 1 3/4 gallons, 33 1/3 per cent. is used for the calculation. After extracting the gasoline, the surplus gas is sold to the Cabot Carbon Company, for the making of carbon black. The returns for this gas are credited 50 per cent. to the plant and 50 per cent. to the lessee. Royalty of one-eighth of what the lessee receives is paid to the lessor. There is an established market value of casing-head gas, and the above set out method of payment is universal in the oil fields. It is substantially the same method approved by the Interior Department in dealing with casing-head gas on Indian lands. The gas would be valueless if not treated to extract the gasoline. The same is true of the surplus gas if not used for the making of carbon black.

Appellants contend that the gas in the wells is not casing-head gas and royalties

1068

should have been paid on the full amount of gas taken, based on the actual sales price of gasoline extracted, and not on a percentage basis, at the average market price of casing-head gas. Also, that they should have been paid royalties on 100 per cent. on the residue gas used in making carbon black. Authorities are cited, but we will not review them, as we do not consider them in point as applied to the facts in this case.

Based on the clauses above quoted, we think it is a fair and reasonable construction of the lease that the lessee had the right to use all of the gas produced, whether from oil wells or gas wells only, to stimulate the production of oil, if in the exercise of good judgment it was reasonably necessary. It is also a fair and reasonable construction that the lessee should pay a royalty of one-eighth of what he received for gas used off the premises, whether from a gas well or an oil well, based on the market value, if from an oil well. Undoubtedly all the gas converted into gasoline and carbon black was used off the premises.

There is no doubt that appellees had the right to use all the gas produced on the land without cost, as it was reasonably necessary to properly work the property and to recover the oil produced in the most economical manner. It is immaterial whether the gas coming from the oil wells be technically classed as casing-head gas. It is in fact the same product, certainly not dry gas, and it was not sellable except for the extraction of gasoline. Appellees were under no obligation to erect a plant to treat this gas. When they did so they were entitled to deal with the lessor the same as a stranger would have done. Had the gas been sold to an extracting plant, the lessee, under the universal custom of the trade, would have received returns identically the same as those made by appellees.

The method used to ascertain the value of the gas taken is fair. It would not be just to settle with the seller of the gas at the market price for the full amount delivered. That would leave nothing to cover shrinkage in extraction and the cost of manufacture, including overhead charges, and a fair return on the investment. It is not disputed that full returns have been made for royalties, based on the above set out method of calculation. Neither fraud nor unfairness is suggested. We conclude that the judgment appealed from was right.

The record presents no reversible error.

Affirmed.