## ARMSTRONG et al. v. SKELLY OIL CO. et al.
### No. 6405.

Circuit Court of Appeals, Fifth Circuit.
Feb. 18, 1932.

Rehearing Denied March 11, 1932.

See, also, 55 F.(2d) 1066.

Geo. W. Armstrong, of Fort Worth, Tex., for appellants.

W. P. Z. German and Alvin F. Molony, both of Tulsa, Okl., for appellees.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

FOSTER, Circuit Judge.

This is a suit to cancel two oil and gas leases on what may be termed respectively the Armstrong and Byrd tracts, each consisting of over 6,000 acres of land in Moore and Hutchinson counties, Tex., on the ground that appellees had breached the implied covenant to reasonably develop the property. The prayer was in the alternative for specific performance and also for damages. There was a decree dismissing the bill.

We need not extensively review the record nor specifically consider the errors assigned. Briefly stated, the material facts as shown by the record are these: Ten wells were drilled on the Armstrong tract and two wells on the Byrd tract. The land is not being drained by other wells. There is no probability at present of finding oil in paying quantities by further drilling. Some of the wells produce gas, and further drilling would probably bring in additional gas wells. Gas produced on these tracts is technically known as sour gas. It is not marketable without treatment which would add greatly to the expense of production. There is an abundance of sweet gas in the vicinity, and there is no market at present for sour gas. It is not probable that at any time in the near future a market for sour gas will develop. Appellees have not abandoned the leases. The existing wells are operated to the extent of their capacity. Gasoline is extracted from the oil and gas produced, and the surplus gas is used for the making of carbon black. It is doubtful that additional sour gas could be disposed of at all. Appellants are paid royalties. Owing to present market conditions, it would not be prudent to drill additional wells, as it is highly probable that doing so would result in loss to the lessees, without gain to the lessors.

The question of cancellation of the lease for breach of the implied covenant to reasonably develop the property is paramount. If that is decided adversely to appellants, the entire case falls. It is impossible to formulate a rule that will apply to all situations. Each case depends for decision upon its own peculiar facts. On the facts in this case, for the reasons stated in the opinion in Cosden Oil Co. v. Scarborough (C. C. A.) 55 F.(2d) 634, decided February 1, 1932, we concur in the conclusions reached by the District Court.

Affirmed.